UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY PEREZ,                          :  | |
|                Plaintiff,          :  | |
|                                       :  | |
|      v.                            :  | No. 2:14-cv-04853 |
|                                       :  | |
| CAROLYN W. COLVIN,              :  | |
| Acting Commissioner of Social Security, :  | |
|                Defendant.        :  | |

**O R D E R**

**AND NOW**, this 20th day of September, 2016, upon consideration of Plaintiff's Complaint, ECF No. 3, Defendant's Answer, ECF No. 7, Plaintiff's Motion for Summary Judgment and Petition for Review, ECF No. 12, Plaintiff's Brief and Statement in Support of Request for Review, ECF No. 13, Defendant's Response to Request for Review, ECF No. 15, and Plaintiff's Reply, ECF No. 19, and after de novo review of the Report and Recommendation ("R&R") of Richard A. Lloret, United States Magistrate Judge, ECF No. 21, Plaintiff's Objections to the R&R, ECF No. 24, Defendant's Response to Objections, ECF No. 26, and the complete Administrative Record, ECF No. 6,[1] **IT IS ORDERED THAT**:

    1.    Plaintiff's objections to the Report and Recommendation, ECF No. 24, are **OVERRULED**.

The Court adopts the R&R issued by Magistrate Judge Lloret, and writes separately only to address Plaintiff's objections to the R&R.  When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

---

[1]    Citations to specific documents in the administrative record are listed as "R. __."

1

636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

Plaintiff raises one objection to the R&R: Magistrate Judge Lloret erred in rejecting Plaintiff's argument that the Administrative Law Judge ("ALJ") improperly relied on the testimony of the vocational expert because the ALJ's hypothetical questions did not include all of Plaintiff's limitations.

Plaintiff asserts that the ALJ's hypothetical questions to the vocational expert failed to include Plaintiff's moderate limitations in concentration, persistence, and pace.  He complains that the R&R failed to address several decisions finding that limiting a claimant to unskilled tasks is insufficient to account for moderate limitations in concentration, persistence, and pace. Pl.'s Obj. 8, ECF No. 24.  Plaintiff states that these decisions stem from the Third Circuit's holding in *Ramirez*[2] that an ALJ's hypothetical restrictions limiting a claimant to one-to-two-step tasks was insufficient because it did not account for the ALJ's own finding that the claimant "often" suffered from deficiencies in concentration, persistence, or pace.  *Id.*  Plaintiff contends that the R&R rested on the distinction between the terms "often" and "moderate," but that this distinction has been explicitly rejected.  *Id.* at 6, 10 (citing *Plank v. Colvin*, No. 12-4144, 2013 U.S. Dist. LEXIS 172667 (E.D. Pa. Nov. 18, 2013)).

Plaintiff is correct that *Ramirez* requires that "an ALJ's hypothetical [] include all of a claimant's impairments."  *Ramirez*, 372 F.3d at 552.  Plaintiff is incorrect, however, that the R&R is inconsistent with this holding.  *See Dolin v. Colvin*, No. 15-1528, 2016 U.S. Dist. LEXIS 88527, at *12-14 (E.D. Pa. July 8, 2016) (overruling the claimant's objections to the R&R based

---

[2]     *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004).

on the magistrate judge's "conclusion that the change in nomenclature from 'often' to 'moderate' undermines the Court's holding in *Ramirez*").

The hypothetical posed to the vocational expert in this case, which also included physical limitations, restricted the individual to "simple routine tasks, simple short instructions, simple work related decisions and few workplace changes," as well as "[n]o requirement to write reports." R. 57 (Hearing Nov. 11, 2012).[3] This hypothetical adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. *See Menkes v. Astrue*, 262 F. App'x 410, 412 (3d Cir. 2008) (finding that the ALJ's hypothetical question, which restricted the type of work to "simple routine tasks,"[4] accounted for the claimant's "moderate limitations in concentration, persistence and pace"); *McDonald v. Astrue*, 293 F. App'x 941, 947 and n.10 (3d Cir. 2008). Contrary to Plaintiff's claim, "case law in this circuit makes clear that a restriction limiting an individual, e.g., to 'simple, routine tasks' or 'unskilled work,' is sufficient to accommodate moderate limitations in concentration, persistence and pace." *Shaffer v. Colvin*, No. 13-925, 2014 U.S. Dist. LEXIS 137982, at *15 (W.D. Pa. Sept. 30, 2014) (citing cases). Plaintiff's objections to the R&R are therefore overruled. *See Dolin*, 2016 U.S. Dist. LEXIS 88527, at *13 ("The nomenclature distinction between 'often' and 'moderate', if any, does not affect our analysis here on whether the ALJ's hypothetical included Mr. Dolin's credibly established limitations, including concentration, persistence and pace.").

---

[3] These limitations are consistent with the administrative records, including but not limited to the medical records, the Mental Residual Functional Capacity Assessment completed by Dr. John Rohar, Ph.D., and the ALJ's decision.

[4] "The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration." *Menkes*, 262 F. App'x at 412.

  2. The Report and Recommendation, ECF No. 21, is **APPROVED and ADOPTED**.

  3. Plaintiff's Motion for Summary Judgment and Petition for Review, ECF Nos. 12-13, are **DENIED**.

  4. The final order of the Commissioner of Social Security is **AFFIRMED**.

  5. Judgment is **ENTERED** in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Johnny Perez.

  6. This case is **CLOSED**.

            BY THE COURT:


            /s/ Joseph F. Leeson, Jr.
            JOSEPH F. LEESON, JR.
            United States District Judge